# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY JONES,** | : | No. 1:16-CV-1537 |
| Plaintiff | : | |
| | : | Honorable William W. Caldwell |
| v. | : | |
| | : | |
| **BRENDA TRITT, et al.,** | : | Electronically Filed Document |
| Defendants | : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

## PROCEDURAL BACKGROUND AND FACTUAL HISTORY

On July 22, 2016, Plaintiff Barry Jones ("Plaintiff") filed a *pro se* complaint, alleging various violations of his constitutional rights under 42 U.S.C. § 1983. The Plaintiff named two medical care providers (Defendants Pandya and Iannuzzi), as well as four Department of Corrections ("DOC") employees (Defendants Tritt, Downs, Stanishefski, and Zaremba) ("Corrections Defendants"). Against the Corrections Defendants, the Plaintiff alleged a claim of deliberate indifference to his medical needs by Defendants Stanishefski and Zaremba, a claim of interference with his mail by Defendant Downs, and a due process claim against Defendants Downs and Tritt. Doc. 1, ¶¶s 16-18.

The medical defendants filed a motion to dismiss (Doc. 25), and the Corrections Defendants filed a motion for judgment on the pleadings (Doc 44). On October 5, 2017, the Court granted the medical defendants' motion to dismiss in part and denied

it in part, and granted the Corrections Defendants' motion for judgment on the pleadings. Doc. 48. On November 1, 2017, the Plaintiff filed a motion to alter or amend the judgment. Doc. 55. This brief is in opposition to the Plaintiff's motion.

## QUESTIONS PRESENTED

1. Should the Plaintiff's motion to alter or amend the judgment be denied as untimely?

   *Suggested Answer in the Affirmative.*

2. Should the Plaintiff's motion be denied, as his claims still fail on the merits?

   *Suggested Answer in the Affirmative.*

3. Should the Plaintiff be deemed to not oppose the Court's granting judgment on the pleadings for the due process claim against Defendants Downs and Tritt, as he did not raise any argument on it in his brief?

   *Suggested Answer in the Affirmative.*

## ARGUMENT

### I. THE PLAINTIFF'S MOTION IS UNTIMELY, AND SHOULD BE DENIED ON THAT BASIS.

Although the Plaintiff styles his motion as one to alter or amend the judgment under Rule of Civil Procedure 59(e), his motion is, in actuality, a motion for reconsideration under Local Rule 7.10. *See generally* Doc. 56, pp. 5-10 (arguing about the merits of his claims that were dismissed by the Court). Under that rule, a motion for reconsideration must be "filed within fourteen (14) days after the entry of the order concerned." Local Rule 7.10. Even giving the Plaintiff the benefit of the prisoner

mailbox rule, as one must, the order in question was filed on October 5, 2017. *See* Doc. 48.  The Plaintiff's motion, however, was not signed until October 30, 2017, which is over ten days after the 14-day period set forth in Local Rule 7.10. *See* Local Rule 7.10; *see also* Doc. 55.  As the Plaintiff's motion for reconsideration is untimely, it should be denied on that basis alone.

To the extent the Plaintiff argues that he never received the Corrections Defendants' brief, his argument is unavailing.  The Corrections Defendants mailed him a copy of their brief on July 14, 2017, via U.S. mail (*see* Doc. 46, p. 26), and there is no indication that the mail was returned.  Furthermore, the Plaintiff has not moved from SCI-Frackville, his current place of incarceration.   Finally, the Plaintiff, in his brief, claims that he did not receive the Corrections Defendants' brief in support of their motion for judgment on the pleadings, but, rather, did receive documentation regarding the case of *Anthony Oliver v. John Wetzel, et al*. *See* Doc. 56, p. 3, *see also* Exhibits A-D.  Those Exhibits clearly indicate that they were are Attorney Samuel Foreman, who represents the medical defendants, *not* the Corrections Defendants.  The Plaintiff does not claim that he received the "wrong" documents from the Corrections Defendants.  His claim that he did not receive the Corrections Defendants' brief is not bolstered by another attorney allegedly sending him documents for an unrelated case.

II.  THE PLAINTIFF'S ARGUMENTS FAIL ON THE MERITS.

3

Even if this Honorable Court were to consider the substance of the Plaintiff's claims, he would not be entitled to relief.  Furthermore, the Plaintiff is now attempting to amend his complaint through his briefing, which is inappropriate.

### A. THE PLAINTIFF'S EIGHTH AMENDMENT CLAIM FAILS AS A MATTER OF LAW.

The Plaintiff's first claim against the Corrections Defendants concerns the actions of Defendants Staniskefski and Zaremba, concerning the medical treatment he received for his skin condition.  *See* Doc. 1, ¶ 16.  Specifically, he claimed that they were "deliberate[ly] indifferent to [his] serious medical need." *Id.*  However, in his brief, the Plaintiff now argues that Defendant Stanishefski acted out of "vindictiveness and evil intent" in "retaliation for filing previous grievance [*sic*] on her and [her husband."  Doc. 56, p. 5.  While a *pro se* plaintiff's pleadings must be liberally construed, *see Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) (internal citations omitted), the Plaintiff here specifically only mentioned a deliberate indifference claim for these defendants.  *See* Doc. 1.  The Plaintiff never mentioned retaliation in his initial complaint, and it is well-settled that a complaint cannot be amended via briefing.  *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988).  As far as the initial claim of deliberate indifference is concerned, the Defendants respectfully submit that the Honorable Court analyzed this

claim properly, and urges affirmance of the Court's initial ruling. *See* Doc. 47, pp. 20-21.[1]

### B. THE PLAINTIFF'S ACCESS TO THE COURTS CLAIM WAS ANALYZED UNDER THE CORRECT JURISPRUDENCE.

Next, the Plaintiff takes issue with the Court's analysis of his claim against Defendant Downs. *See* Doc. 56, p. 7. This argument should not entitle the Plaintiff to relief, as the Court properly analyzed this claim as one implicating access to the courts. Despite the Plaintiff's protestations to the contrary, the claim against Defendant Downs is an access to the courts claim. While the Plaintiff argues that his claim against Defendant Downs is a free speech/First Amendment claim, he misses the point that an access to the courts claim *is* a First Amendment claim. *See Lewis v. Casey,* 518 U.S. 343 (1996). Again, referring to Plaintiff's complaint, the Plaintiff's claim against Defendant Downs was that removing the cash slips delayed his privileged mail. *See* Doc. 1, ¶¶s 4, 17.[2] Since his claim in ¶ 4 of his complaint is that mailings to the Eastern

---

[1] Furthermore, as the Plaintiff does not seem to advance any argument about the Court's ruling on Defendant Zaremba, to the extent any relief should be granted to the Plaintiff, the ruling on Defendant Zaremba should not be disturbed.

[2] The Plaintiff also argues that interference with his mail was a constitutional violation. *See* Doc. 56, p. 7. However, this claim still fails, as he "must allege a 'pattern and practice' or an 'explicit policy' that 'interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech.'" *See Castillo v. All Jane/John Does of Deputized Postal Officers at All Facilities Plaintiff Was Incarcerated,* 2016 WL 6089853, * 4 (M.D. Pa. Sept. 20, 2016) (citing *Jones v. Brown,* 461 F.3d 353, 359 (3d Cir. 2006)). The Plaintiff has identified no "pattern and practice" or "explicit policy," nor has he articulated any facts that link Defendant Downs to the supposed confiscation

District court and the District Attorney's Office were delayed, he is articulating an access to the courts claim, and the Court properly analyzed (and rejected) this claim.[3]

### C. THE PLAINTIFF'S CLAIM FOR CONFISCATION OF HIS $500 SHOULD BE AFFIRMED, AS HE DID NOT RAISE ANY ARGUMENTS ABOUT IT IN HIS BRIEF.

The final claim in his original complaint—a due process claim against Defendants Downs and Tritt—is not mentioned in the Plaintiff's brief, except for a reference that his inquiry about that confiscation led to retaliatory actions. *See* Doc. 56, p. 9. Furthermore, the Plaintiff, in the last page of his brief, notes the Eighth Amendment claim against two defendants, and the First Amendment claim against Defendant Downs, arguing that he "has been and continued to denied [*sic*]" his constitutional rights. *See* Doc. 56, p. 10. However, he does not mention the due process claim from ¶ 18 of his initial complaint. Therefore, the Court's ruling on this claim should remain in full force and effect.

---

of the cash slips, other than to say that "SCI-F security is responsible for censoring out going mail." *See* Doc. 1, ¶ 3.

[3] To the extent the Plaintiff now argues that this confiscation was somehow retaliatory, this claim was not contained in his initial complaint, and should not be considered at this juncture. *See Zimmerman, supra*.

## **CONCLUSION**

For the foregoing reasons, the Corrections Defendants respectfully request that this Honorable Court DENY the Plaintiff's motion to alter or amend the judgment.

                                         **Respectfully submitted,**

                                         **JOSH SHAPIRO**
                                         **Attorney General**

                         **By:**   *s/ Caleb C. Enerson*
                                         **CALEB CURTIS ENERSON**

**Office of Attorney General**          **Deputy Attorney General**
**Civil Litigation Section**              **Attorney ID #313832**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**                  **KENNETH L. JOEL**
**Phone: (717) 705-5774**             **Chief Deputy Attorney General**
**Fax:    (717) 772-4526**             **Chief, Civil Litigation Section**
cenerson@attorneygeneral.gov

**Date:  November 15, 2017**          *Counsel for DOC Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY JONES,** | : | No. 1:16-CV-1537 |
| Plaintiff | : | |
| | : | Honorable William W. Caldwell |
| v. | : | |
| | : | |
| **BRENDA TRITT, et al.,** | : | Electronically Filed Document |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Caleb C. Enerson, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 15, 2017, I caused to be served a true and correct copy of the foregoing document titled BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT to the following:

**VIA US MAIL:**

**Barry Jones, HF-5900**
SCI-Frackville
1111 Altamont Boulevard
Frackville, PA  17931
*Pro Se Plaintiff*

**VIA ECF:**

**Caitlin J. Goodrich**
Weber, Gallagher, Simpson, Stapleton,
Fires & Newby, LLP
2000 Market Street, 13th Floor
Philadelphia, PA  19103
*Counsel for Defendants Pandya & Iannuzzi*

**Samuel H. Foreman**
Weber, Gallagher, Simpson, Stapleton,
Fires & Newby, LLP
2 Gateway Center, Suite 1450
Pittsburgh, PA  15222
*Counsel for Defendants Pandya & Iannuzzi*


 <u>*s/Caleb C. Enerson*</u>
**CALEB CURTIS ENERSON**
**Deputy Attorney General**